**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| J.I., | Civil Action No. 24-cv-7355 (SRC) |
| Plaintiff, | OPINION |
| v. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

**CHESLER**, District Judge

This matter comes before the Court on the appeal by Plaintiff J.I. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disabled widower's benefits and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381, et seq. This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). Having considered the parties' submissions, (D.E. No. 8 ("Pl.'s Mov. Br."); D.E. No. 10 ("Def.'s Opp. Br."); D.E. No. 11 ("Pl.'s Reply Br.")), the Court decides this matter without oral argument and, for the reasons set forth below, the Court affirms the decision of the Commissioner.

## I. BACKGROUND

On July 8, 2020, Plaintiff filed an application for disabled widower's benefits. (D.E. No. 5, Administrative Record ("Tr.") at 18.) Plaintiff filed an application for SSI the following day. Plaintiff alleged disability starting January 1, 2013. These claims were initially denied on March 18, 2021, and upon reconsideration on October 28, 2021. (Id.) A hearing was held before Administrative Law Judge ("ALJ") Elizabeth A. Lardaro on February 1, 2023, and on August 18, 2023, the ALJ issued a decision determining that Plaintiff was not disabled under the Act because, given Plaintiff's residual functional capacity ("RFC"), Plaintiff remained capable of performing jobs existing in significant numbers in the national economy. Plaintiff sought review of the ALJ's decision from the Appeals Council. After the Appeals Council denied Plaintiff's request on June 6, 2024, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the August 2023 decision, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. (Tr. at 22.) At step four, the ALJ found that Plaintiff had the RFC to perform light work with additional limitations. (Id. at 24-25.) The ALJ also found that Plaintiff was unable to perform any past relevant work. (Id. at 29.) At step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Id. at 30.) Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. On appeal, Plaintiff alleges that substantial evidence does not exist to support the ALJ's determination as to Plaintiff's RFC.

## II. LEGAL STANDARD

This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services,

841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla" of evidence but may be less than a preponderance. McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The Supreme Court reaffirmed this in Biestek v. Berryhill, 587 U.S. 97, 103 (2019). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

### III.  DISCUSSION

On appeal, Plaintiff argues that the "RFC is not supported by substantial evidence because the ALJ failed to explain how the limitation to simple, routine, repetitive work accounts for moderate limitations in concentration, persistence, and pace, and failed to explain how the RFC encompassed all of the limitations opined by the state agency psychological consultants' opinions which were found persuasive." (Pl.'s Mov. Br. at 9.)

At step four, the ALJ determined that Plaintiff retained the RFC to perform "light work" with the following limitations:

> The claimant can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can have no concentrated exposure to extreme heat, extreme cold, dust, odors, fumes, or pulmonary irritants, or hazards such as machinery and heights. ***The claimant is limited to simple, routine, repetitive work,*** no contact with the public, and occasional contact with co-workers and supervisors.

(Tr. at 24-25) (emphasis added).

In arriving at the RFC determination, the ALJ stated she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence[.]" (Id. at 25.) The ALJ considered Plaintiff's statements regarding his pain and symptoms and found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms" were not "entirely consistent with the medical evidence" of record. (Id. at 26.)

The ALJ also looked to medical opinions and prior administrative findings, including the opinion of medical examiners utilized by the Disability Determination Services ("DDS"). The ALJ noted that DDS examiners found that Plaintiff "can do light work with additional postural limitations, and that there is mild to moderate mental impairment but insufficient to grant disability." (Id. at 29.)

At the initial level, a DDS medical examiner indicated that Plaintiff had a moderate limitation in the area of concentrating, persisting, or maintaining pace, (Tr. at 96), and moderate limitations in his ability to carry out detailed instructions, maintain attention and concentration for extended periods, maintain regular attendance and perform activities within a schedule, and "perform at a consistent pace without an unreasonable number and length of rest periods." (Id. at 100.) In explaining the extent of Plaintiff's limitations with respect to Plaintiff's mental RFC, the DDS examiner referred to the narrative discussion in the Psychiatric Review Technique portion of the disability determination which indicated that although Plaintiff had moderate functional limitations, he "can follow **simple instructions,** can attend and concentrate, can keep **adequate pace and persist,** [and] can relate and adapt to **routine tasks in a work situation**." (Id. at 97, 100) (emphasis added). These findings were affirmed on reconsideration. (Id. at 120.) The ALJ found the opinions of the DDS examiners persuasive as they were consistent with other evidence of

4

record. (Tr. at 29.) For example, the ALJ noted that Plaintiff's heart disease, degenerative disc disease and occipital neuralgia limits him to light work and further indicated that "the record show[ed] that the claimant's [mental] condition was stable with treatment, and mental status examination findings consistently showed only mild to moderate impairment." (Id. at 29, 73-83, 97-100.) The ALJ limited Plaintiff, in part, to "simple, routine, repetitive work" and stated:

> In sum, the above residual functional capacity assessment is supported by the evidence in the record. Undoubtedly, the claimant has severe impairments. However, the claimant's allegations are inconsistent with the medical evidence of record, which reflects no more than mild to moderate findings. The effects of the claimant's impairments restrict the claimant to work as set forth in the residual functional capacity stated above.

(Id. at 29.)

### a. Valid Explanation

Plaintiff first argues that the ALJ did not adequately explain how a limitation to "simple, routine, repetitive work" in the RFC accounts for the moderate limitations in concentration, persistence, or pace the ALJ found at step three. (Pl.'s Mov. Br. at 12-13.) Plaintiff asserts that the ALJ did not provide a valid explanation under the Third Circuit's decision in Hess v. Commissioner of Social Security, 931 F.3d 198 (3d Cir. 2019). (Pl.'s Mov. Br. at 12-13.) Plaintiff also states the ALJ "failed to take into consideration Plaintiff's deficiencies in pace" as she "limited Plaintiff to 'simple, routine, repetitive work,' without considering whether Plaintiff is capable of performing the work at a pace that would meet employer tolerances." (Id. at 12.)

In Hess, the Third Circuit considered whether an ALJ's limitation "to jobs requiring understanding, remembering, and carrying out only simple instructions and making only simple work-related decisions" in the RFC "was permissible in light of her finding, at step three, of 'moderate difficulties' in 'concentration, persistence or pace.'" Hess, 931 F.3d at 208. The Court

5

first noted that a "simple tasks" limitation, as referenced in case law by the parties, was "fundamentally the same as one 'to jobs requiring understanding, remembering, and carrying out only simple instructions and making only simple work-related decisions.'" Id. at 210 (quoting the limitation language used by the ALJ in assessing claimant's RFC). The Third Circuit then held that "as long as the ALJ offers a 'valid explanation,' a 'simple tasks' limitation is permitted after a finding that a claimant has 'moderate' difficulties in 'concentration, persistence, or pace.'" Id. at 211. The Third Circuit explained its principal concern as follows:

> In short, the functional limitation findings do not dictate the terms of the ALJ's statement of the claimant's limitation in the final analytical steps. But those findings are relevant to that statement of the limitation, ***which must be sufficient to reflect all of a claimant's impairments***.

Id. at 210 (emphasis added). This is the concern that animates the "valid explanation" inquiry: the ALJ must provide the basis for determining that the limitation in the RFC formulation sufficiently reflects the full scope of the claimant's impairments in concentration, persistence, or pace.

In examining the ALJ's decision and applying this inquiry, the Third Circuit found that "the ALJ explained at length and with sound reasoning why Hess's 'moderate' difficulties in 'concentration, persistence, or pace' were not so significant that Hess was incapable of performing 'simple tasks.'" Id. at 213-14. At step three, the ALJ noted that the claimant had moderate limitations, but also explained that the claimant self-reported activities "of daily living" such as paying bills, doing laundry, shopping, and working which were "consistent with an individual who is able to perform simple, routine tasks." Id. at 214. The plaintiff's treatment records and progress notes highlighted that he could "perform simple calculations, was fully oriented, and had intact remote/recent memory." Id. At step four, the ALJ highlighted mental status examinations indicating that the claimant could function effectively, "opinion evidence showing that Hess could

6

do simple work," activities of daily living demonstrating he was "capable of engaging in a diverse array of 'simple tasks,'" and noted there were no "'reports of behavioral issues or problems completing tasks' during a significant period of close observation[.]" Id. The Third Circuit found the ALJ's explanation valid.

Here, the ALJ did not use a "simple tasks" limitation in the RFC, but instead limited Plaintiff to "simple, routine, repetitive work." (Tr. at 24-25.) The question before this Court then, is whether, applying the Hess inquiry, the ALJ explained why a limitation to "simple, routine, repetitive work" sufficiently reflects the full scope of the moderate difficulties in concentration, persistence, or pace that were found at step three.

The Court finds that the limitations in the RFC at step four are "sufficient to reflect all of" Plaintiff's impairments at step three under Hess for two primary reasons. 931 F.3d at 210. First, in constructing the RFC, the ALJ relied on the opinions of medical experts. The state agency physicians opined that Plaintiff "can follow *simple instructions,* can attend and concentrate, can keep *adequate pace and persist,* [and] can relate and adapt to *routine tasks in a work situation*" despite finding that Plaintiff had moderate limitations in concentration, persistence, or pace and areas related to sustained concentration and persistence. (Tr. at 97, 100, 120) (emphasis added). The ALJ found these opinions persuasive as they were consistent with other evidence of record and limited Plaintiff to simple, routine, repetitive work. (Id. at 29, 73-83, 97-100.) Although Plaintiff argues the "record contains evidence that is not consistent with the picture painted by the ALJ," Plaintiff has done no more than refer to evidence which he believes deserved greater weight and asks the Court to reweigh the evidence and substitute its findings for the Commissioner's, which it may not do. (Pl.'s Mov. Br. at 13.)

7

Second, the ALJ explained that the record does not support additional non-exertional limitations. As in Hess, "the ALJ explained at length and with sound reasoning why [Plaintiff's] 'moderate' difficulties in 'concentration, persistence, or pace' were not so significant that [he] was incapable of performing" simple, routine, repetitive work. 931 F.3d at 213-14. At step three, the ALJ noted that Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace, but also explained that in Plaintiff's Function Report, he "stated that he does chores around the house, shops in stores, can pay bills and count change, uses a cell phone, and goes to doctor's appointments." (Tr. at 23.) The ALJ observed that during a 2019 mental status examination, Plaintiff's "perception and memory were within normal limits, he was fully oriented, his reasoning was intact, and his thought process was normal." (Id. at 23-24, 943.) Additional treatment notes demonstrated that Plaintiff "had good memory, his attention and concentration were good, and his fund of knowledge was intact." (Id. at 24, 1617.) Considering the evidence, the ALJ found that the record supported "no more than a moderate limitation in this area." (Id. at 24.)

At step four, the ALJ highlighted observations from additional mental status examinations. An examination from 2016 indicated that Plaintiff had good memory and average intellectual functioning. (Id. at 27, 559.) The ALJ also looked to Plaintiff's treatment records from 2017 through 2019, when he was diagnosed with post-traumatic stress disorder and substance abuse. (Id. at 27.) The ALJ noted that on various occasions, Plaintiff's perception and memory were within normal limits, his thought processes were normal, his reasoning was intact, and his provider assessed his condition as stable. (Id. at 27-28, 1744, 1766-68, 1774-75.) Additional treatment records also "show[ed] normal psychiatric findings." (Id. at 28.) The ALJ then explained the RFC "is supported by the evidence of record . . . which reflects no more than mild to moderate findings"

8

and stated the "effects of the claimant's impairments restrict the claimant to work as set forth" in the RFC. (Id. at 29.)

In short, the Court finds the ALJ's explanation valid under Hess. As a basis for determining that a limitation to simple, routine, repetitive work sufficiently reflects the full scope of Plaintiff's impairments in concentration, persistence, or pace, the ALJ relied on the opinions of medical experts who found that Plaintiff could follow simple instructions, keep adequate pace and persist, and adapt to routine tasks in a work situation *despite* his moderate functional limitations. The ALJ also highlighted mental status examinations and treatment records to note that the record did not support additional, non-exertional limitations, and explained that the effects of Plaintiff's impairments restricted him to the work set forth in the RFC. This constitutes a valid explanation under Hess and serves as substantial evidence supporting the RFC determination at step four.

Plaintiff's argument suffers from another defect. Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Moreover, Plaintiff must not only show that the Commissioner erred, but also that the error was harmful. The Supreme Court explained this operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated, "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410. Thus, at the first four steps, Plaintiff must show that but for the error, he might have proven his disability. Here, as to the validity of the ALJ's explanation, Plaintiff has not shown that any error was harmful.

9

### b. ALJ's treatment of medical expert opinions

The Court is not persuaded by Plaintiff's remaining arguments. Plaintiff states the DDS examiners found him to have moderate limitations in a variety of areas, including "performing at a consistent pace without an unreasonable number and length of rest periods," but the ALJ "did not explain why the RFC fails to account for Plaintiff's limitations concerning pace" despite finding these opinions persuasive. (Pl.'s Mov. Br. at 15.)

The problem for Plaintiff is that this Court agrees with the Commissioner that the ALJ incorporated the DDS medical experts' findings she found persuasive in the RFC, which constitutes substantial evidence supporting the step four determination. As discussed, the ALJ limited Plaintiff to "simple, routine, repetitive work" consistent with the state agency examiners' opinions that Plaintiff could follow simple instructions, keep adequate pace and persist, and adapt and relate to routine tasks in a work situation, despite his impairments. (Tr. at 29, 97.) Plaintiff's suggestion that the ALJ did not incorporate the DDS examiners' findings because the examiners' limitation to "simple instructions" is not the same as the ALJ's limitation to "simple, routine, repetitive work," is unavailing. (Pl.'s Mov. Br. at 15; Pl.'s Reply Br. at 3.) In Hess, the Third Circuit held that a limitation to "'simple tasks' is fundamentally the same as one 'to . . . *simple instructions* and making only *simple work-related* decisions[.]'" 931 F.3d at 210 (emphasis added). The Court noted that both formulations "relate to mental abilities necessary to perform 'unskilled work[]'" which is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." Id. at 211 (citing 20 C.F.R. §§ 404.1568(a)); see also SSR 96-9P, 1996 WL 374185, at *9 (July 2, 1996) ("unskilled work" refers to "[u]nderstanding, remembering, and carrying out simple instructions" and making "simple work-related decisions"). Here, although the ALJ limits Plaintiff to "simple, routine, repetitive work"

10

rather than "simple instructions," the Court finds the ALJ's limitation consistent with the findings of the state agency examiners under the guidance of Hess.  Moreover, Plaintiff has not pointed to any evidence showing that he could not perform simple, routine, repetitive work to demonstrate how any potential error harmed him.

Next, Plaintiff argues that "the state agency psychological consultants' opinions are only vaguely evaluated pursuant to 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)." (Pl.'s Mov. Br. at 15-16.)  20 C.F.R. § 404.1520c(b)(2) requires that all medical opinions be evaluated for persuasiveness based primarily on the factors of supportability (extent to which a medical source has supported an opinion with explanations and evidence) and consistency (with other medical evidence). "To satisfy this requirement, a[n] [ALJ] need not reiterate the magic words 'support' and 'consistent' for each doctor." Zaborowski v. Comm'r of Soc. Sec., 115 F.4th 637, 639 (3d Cir. 2024).  For the same reasons set forth above, the Court finds the ALJ's assessment of the DDS examiners' opinions consistent with the requirements of 20 C.F.R. § 404.1520c and sufficient to meet the required level of articulation. Moreover, as Plaintiff only states the DDS medical experts' opinions are "vaguely evaluated" under the regulation without more, Plaintiff has not demonstrated that any defect is more than harmless error.

In short, Plaintiff has not met his burden on appeal. Plaintiff has failed to persuade this Court that the ALJ erred in her decision, has not shown that the evidence supported a decision in his favor, and has made no demonstration that he was harmed by any errors to demonstrate prejudice as required by Shinseki. As in Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005), "a remand is not required here because it would not affect the outcome of the case."

11

## IV. CONCLUSION

For the reasons set forth above, this Court finds that the Commissioner's decision is supported by substantial evidence and the decision of the Commissioner is affirmed.

s/Stanley R. Chesler  
STANLEY R. CHESLER, U.S.D.J.

Dated: August 26, 2025